UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LUCIUS MAURICE ROWSER, | ) | CASE NO. 5:09 CV 1544 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| MATTHEW S. KUHN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Pro se plaintiff Lucius Maurice Rowser filed the above-captioned action under 42 U.S.C. § 1983 against Stark County Public Defender Matthew S. Kuhn, Stark County Municipal Court Judge Belden, the "Stark County Ohio Police Department, Detective Bureau, and SWAT Team." (Compl. at 3.)  In the complaint, plaintiff alleges he was unfairly indicted for kidnaping in Stark County. He seeks dismissal of the charges and monetary damages.

**Background**

Lucius Rowser asserts that there is no evidence to support pending criminal charges against him. He was arrested on June 2, 2009 and charged with kidnaping, being a repeat violent offender, felonious assault with a firearm specification, and having a weapon while under disability. The victim alleged she had been held captive and was prevented from leaving Mr. Rowser's house.

Mr. Rowser contends the victim suffers from mental illness for which she has been hospitalized. Her most recent hospitalization occurred after her alleged escape from Mr. Rowser's house. He contends that contrary to her accusations, they were out of the house together on several occasions during the time in which she claims she was being held captive. He states she did not report to anyone that her liberty was restrained nor did she attempt to get away from him. In addition, he alleges she feared reprisals from her former gang, and called the police on several occasions during her alleged kidnaping to ask them to check the house for gang members that may have broken in while she and the plaintiff were away. He states she did not inform the police she was being held captive. Mr. Rowser also claims the victim reported that he shot her in the face. He states he took her for a regular physician's appointment and the physician did not note injury to her face. He contends no blood evidence was found at the location in which he is alleged to have shot her. He asserts that there is insufficient evidence to charge him with a crime.

Mr. Rowser claims the defendants have not adequately considered the lack of evidence. He states Public Defender Matthew Kuhn did not vigorously pursue dismissal of the charges and Judge Belden set bond at a very high amount. He was bound over to the Stark County Court of Common Pleas despite what he considers to be insufficient evidence to conduct a trial. He asks this court to intervene, dismiss the charges and award him damages.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim

upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

To the extent that the criminal charges are still pending in the Stark County Court of Common Pleas, this court is unable to intervene in those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See Younger v. Harris, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." Younger, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. See Younger, 401 U.S. at 44-45. Furthermore, Mr. Rowser has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

raise his claims. Consequently, this court is required to abstain from intervening in the Stark County Court of Common Pleas proceedings.

Generally, the Younger doctrine requires a federal court to stay an action for damages during the pendency of a state action on the same matter. See Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998); see also Myers v. Franklin County Court of Common Pleas, No. 99-4411, 2001 WL 1298942 (6th Cir. Aug. 7, 2001). However, as plaintiff has failed to state a viable claim for damages against any of the defendants, this case must be dismissed. See Wheat v. Jessamine Journal Newspaper, No. 95-6426, 1996 WL 476435 (6th Cir. Aug. 20, 1996)(stating that is was proper for the district court to dismiss plaintiff's damages claims, rather than hold them in abeyance, when the plaintiff failed to state a viable claim for relief).

Mr. Rowser does not identify any legal claim he intends to pursue. He provides a short narrative of facts and then concludes that he is entitled to damages. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id.

4

at 1278. Moreover, plaintiff's failure to identify a particular legal theory in his complaint places an unfair burden on the defendants to speculate on the potential claims that plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. See Wells v. Brown, 891 F.2d at 594. Even liberally construed, the complaint does not sufficiently state the federal claim or claims upon which plaintiff intends to base his § 1983 action.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 11/20/09*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.